Per curiam

This is well certified, though not in the mode, prescribed by the act of Congress — that act is only affirmative, and does not abolish such modes of authentication as were used here before it passed, and this was the usual mode before that act; but the Plaintiff must swear that ¡te has not the original in his possession or power, before he can give the copy in evidence.
In the fur!her progress of the cause, the Plaintiff offered in evidence some acts of the General Ass’emhly of Virginia, copies of which were certified by the Clerk of the House of Delegates, and he was certified by the Governor to be ihe Clerk of that House, and the. proper officer to certify the proceedings of the Legislature.
Per curiam — The Secretary is the, officer wlw has the keeping, and is entrusted to make out copies of the acts of the Legislature. The Clerk of the House of Delegates can only certify such proceedings as take place in the House of Delegates.
In the further progress of this cause, the counsel for the Plaintiff offered to read a deposition. The notice *413 wagj that it would be taken in a certain county in the St, te of Sooth-Carolina, at the house of John Archelaus Ellmore: and the deposition was certified to have been taken in that State and county at the house of John Ell-more — and it was objected that the deposition was not taken at the place appointed by the notice, and so that the Defendant had lost the benefit of cross-examination.
Per curiam — We will presume John drchelans Ellmore and John Ellmore, to be intended for the same person.
Another point in this case was, whether the Plaintiff was barred by the act of limitations. The negroes had been in possession of cine Jordan, who claimed them as his own, from Christmas, in the year 1785, when he brought them to this State and sold them to Mills, against whom no action was commenced till the month of March, 1793.
Per curiam — The act of limitations began to run from the time the negroes came into the possession of the Defendant., unless lie was entrusted with them by the Plaintiff for an indefinite time ; for then the act will not begin to run till demand made, or unless the Plaintiff can shew that the Defendant removed himself to such places where the Plaintiff could not find him to institute his suit, or had the negroes without, the knowledge of the Plaintiff. So Defendant had a verdict, and there was judgment for him.
Note, — Upon the sufficiency of the deposition, see Ridge’s Orphans v. Lewis & others, Conf. Rep. 483. Upon the last point, see Berry’s Adm’rs. v. Pullam, ante 16.